UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMUEL BAILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:05CV57RWS |
| UNITED STATES OF AMERICA | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before me on Plaintiff Samuel Bailey's motion for leave to amend the amount of his claim against Defendant United States of America. Plaintiff brings suit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"). Bailey alleges injuries arising out of medical malpractice. Prior to filing this action, Bailey submitted an administrative claim for his injuries in the amount of $60,000. In his motion for leave to amend the amount of his claim, Bailey seeks leave from this Court to seek damages amounting to $1,000,000. The motion will be denied.

The United States is immune from suit unless it has consented to be sued. United States v. Kubrick, 444 U.S. 111, 117-18 (1979); Soriano v. United States, 352 U.S. 270, 276 (1957). The United States has waived its sovereign immunity for

claims brought under the FTCA. The FTCA fixes the terms and conditions upon which suit may be instituted and requires the filing of a claim with the appropriate federal agency, limiting the amount of recovery to the amount of the claim presented to the federal agency. 28 U.S.C. § 2675. The goal of the administrative claim requirement is to let the Government know what its maximum potential exposure will be and to facilitate the Government's ability to make intelligent settlement decisions. Reilly v. United States, 863 F.2d 149, 173 (1st Cir. 1988); Martinez v. United States, 780 F.2d 525, 530 (5th Cir. 1986)

The statute provides two exceptions, allowing a plaintiff to sue for an amount greater than that stated in his or her claim if "the increased amount is based upon newly discovered evidence *not reasonably discoverable at the time of presenting the claim* to the federal agency, or upon allegation and *proof of intervening facts*, relating to the amount of the claim." 28 U.S.C. § 2675(b) (emphasis added). Bailey has the burden of proving either intervening facts or newly discovered evidence. Allgeier v. United States, 909 F.2d 869, 877 (6th Cir. 1990); Kielwien v. United States, 540 F.2d 676, 680 (4th Cir. 1976); Michels v. United States, 815 F. Supp. 1244, 1260 (S.D. Iowa 1993), aff'd, 31 F.3d 686 (8th Cir. 1994).

Bailey argues that he has "newly discovered evidence" that justifies amending his claim from $60,000 to $1,000,000. Specifically, Bailey contends that he did not

know the full extent of his condition, nor did he understand the timing, sequence and cause of his condition at the time of the filing of his administrative claim. Bailey alleges that medication he was prescribed on February 17, 2003, caused him suffer a stroke. He also alleges that when he filed his administrative claim he believed that he had already suffered a stroke even before he began taking the medication. Bailey asserts that he did not become aware of the causal connection between his medication and his stroke until after the filing of his claim, even though the stroke had occurred prior to his filing of his administrative claim. Additionally, Bailey also asserts that he has endured more pain and suffering than he originally anticipated, that he has incurred greater medical expense than intitially anticipated, that he has significantly more disability than he initially anticipated, and that he has had greater functional compromise than initially anticipated. Bailey argues that his lack of education and legal assistance made it impossible for him to have acquired this information about his injury, and as a result, justifies his increased damages claim under the newly discovered evidence exception.

However, Bailey's newly acquired information does not qualify as "newly discovered evidence" under 28 U.S.C. § 2675(b). The newly discovered evidence exception only applies to those instances where the evidence was "not reasonably discoverable" at the time the administrative claim was filed. 28 U.S.C. § 2675(b).

The issue is not what Bailey actually knew at the time of filing his claim, but instead is an objective question of what he should have known. See Michels, 31 F.3d at 689 (8th Cir. 1994) ("[Section] 2675 (b) contains an objective standard – 'newly discovered evidence not *reasonably* discoverable.'"). "[W]hen existing medical evidence and advice put the claimant "on fair notice to guard against the worst-case scenario" in preparing the administrative claim, a § 2675(b) motion to increase that claim in litigation will be denied." Id. at 688.

Under the objective standard, "the mechanics of a § 2975(b) inquiry must be double-barrelled: What should the party have known? When should she have known it?" Reilly, 863 F.2d 149, 171 (1st Cir. 1988); see also Williams v. United States, 608 F. Supp. 269, 273 (S.D. Fla. 1985) ("It is not enough that the extent of the injury was not discovered or contemplated due to the lack of a more thorough examination which could have been conducted earlier."). To prevail under the newly discovered evidence exception, Bailey must prove that it was impossible for him to obtain his medical records or to have discovered the extent of his injury. See United States v. Alexander, 238 F.2d 314, 318 (5th Cir. 1956) ("[T]he absence of any knowledge on the part of the plaintiff . . . and the impossibility of then acquiring such knowledge . . . should be treated under the category of newly discovered evidence.).

Here, Bailey has not alleged that he was prevented from discovering the full extent of his injury or that he was denied access to his medical records prior to filing his administrative claim. Bailey does not allege that he attempted to obtain his medical record from the St. Louis Veterans Affairs Medical Center prior to filing his administrative claim. Additionally, Bailey does not allege that he suffered any new medical complications after the filing of the administrative claim that would justify an exception under the intervening facts or newly discovered evidence exceptions.

Plaintiff's argues that I should apply a subjective standard, taking into account his lack of education and legal assistance. However, as stated above, I must apply an objective standard. See Michels, 31 F.3d at 689. Bailey has not alleged that he was prevented from hiring counsel before filing his claim with the Department of Veterans Affairs. Nor has he alleged that he was prevented from seeking medical advice from an outside doctor to discover the extent and cause of his injuries. As a result, Bailey has not established that it was impossible for him to have obtained information about the nature and cause of his injury.

Further, Bailey's allegations regarding the cause of his stroke are "at the core of [his] administrative claim," and as a result, should not be considered newly discovered evidence. Reilly, 863 F.2d at 172. Bailey's administrative claim alleges that the medication given to him caused a stroke, which is the same claim presented

to me here.

Bailey cites Rabovsky v. United States, 265 F. Supp. 587 (D. Conn. 1967) and Campbell v. United States, 534 F. Supp. 762 (D. Hawaii 1982) in support of his motion. These cases are not on point. In Rabovsky, the plaintiff was allowed to amend his claim because of a clerical error, which caused his claim to read as $25.00 instead of $2500, and because he was prohibited from obtaining his medical files by an uncooperative doctor. 265 F. Supp. at 587. In Campbell, the true nature of the plaintiff's injury only revealed itself over time, and medical science was not sufficiently advanced to discover her injuries at the time of her claim. 534 F. Supp. at 766. Here, Bailey has not alleged either that he was denied access to his medical records by his doctor or that medical science was not sufficiently advanced to diagnose his injuries at the time of the claim. As a result, Bailey has not satisfied the burden of proof required to amend the amount of his claim as required by FTCA.

Accordingly,

**IT IS HEREBY ORDERED** that Bailey's motion to amend his claim [# 11] is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of September, 2005.